## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.C. and D.C.**

**No. 22-622** (Wood County 17-JA-3 and 17-JA-4)

## MEMORANDUM DECISION

Petitioner Mother B.C.[1] appeals the Circuit Court of Wood County's July 22, 2022, order modifying disposition regarding visitation with R.C. and D.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the July 22, 2022, modified dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The initial petition was filed in 2017 after petitioner overdosed on heroin with the children present in her care. The circuit court adjudicated petitioner as an abusing parent, and the DHHR offered her services to address her substance abuse. However, after petitioner was unsuccessful in addressing her addiction, the circuit court placed the children in a legal guardianship with the maternal aunt and uncle and terminated petitioner's custodial rights only. This May 2017 dispositional order also granted the children visitation with petitioner if she produced negative drug screens.

In April 2022, petitioner filed a motion to modify the May 2017 dispositional order by requesting, among other things, visitation with the children. According to the record, petitioner visited with R.C. and D.C. approximately twice since the May 2017 dispositional order despite producing clean drug screens and making large strides in sobriety and stability. The circuit court held hearings on the motion to modify in April and May 2022. The court admitted into evidence reports from the guardian ad litem and the DHHR. The guardian ad litem's report confirmed that petitioner completed several drug treatment programs, was employed, had appropriate housing and

---

[1]Petitioner appears by counsel Eric K. Powell. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Robin S. Bonovitch appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

transportation, and was generally doing well. The guardian ad litem also confirmed that the children's legal guardians and petitioner did not have a good relationship and that the guardians refused to allow petitioner to have phone calls or visits with R.C. and D.C. despite producing negative drugs screens. The guardian ad litem reported that the guardians demanded that petitioner submit to random drug screening at the Day Report Center despite petitioner's negative drug screens through probation and at her job. Most importantly, the guardian ad litem stated that R.C. and D.C. told her they wanted to visit with petitioner, and she recommended increased visitation.

The DHHR's report found that petitioner's home was appropriate for the children and that petitioner had found employment and maintained sobriety. The report also noted the guardians' objections to visits citing their concerns that the children would experience "setbacks." The report stated that the guardians did not trust petitioner based on her prior substance abuse issues. Although the DHHR made no recommendation regarding visitation in the report, it expressed concerns with the guardians' statements that they would return R.C. and D.C. to foster care if they were forced to allow visits with petitioner.

At the May 2022 evidentiary hearing, petitioner testified that she had been sober for over a year and a half; had transportation, employment, and housing; and completed numerous drug treatment programs. She stated that she attended weekly meetings through sobriety support groups, had two pastors at separate churches that she conferred with regularly, and had a sobriety sponsor. She stated that she had a close relationship with her probation officer and was grateful to the guardians for taking care of R.C. and D.C. After hearing the evidence, the circuit court found that there was a material change in petitioner's circumstances and granted petitioner visitation with R.C. and D.C. at *the sole discretion of the guardians*. The modified dispositional order was entered on July 22, 2022, and petitioner timely appealed that order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner filed her motion to modify disposition pursuant to West Virginia Code § 49-4-606(a), which provides, in part, that

> [u]pon motion of . . . [the] child[ren]'s parent . . . alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child[ren]'s best interests.

Upon our review, we find that the circuit court erred by limiting petitioner's visitation with the children to the sole discretion of the guardians. Below, the circuit court specifically found, by clear and convincing evidence, that petitioner experienced a material change of circumstances, and the DHHR and the guardian ad litem agreed with the court's determination. The circuit court also conceded that visitation with petitioner was in the children's best interest as it granted the children visitation. As such, petitioner met the threshold requirements for modifying a dispositional order. *See In re S.W.*, 236 W. Va. 309, 313, 779 S.E.2d 577, 581 (2015) ("First, there must be a showing

of material change in circumstances, and second, the alteration must serve the best interests of the child."). Despite the court's findings concerning the material change in circumstances, the visitation arrangement set forth in the July 22, 2022, order did not modify the prior May 2017 dispositional order in any meaningful way because it left visitation between petitioner and the children at the guardians' sole discretion. Moreover, despite the evidence that the guardians had withheld contact between the children and petitioner, the court did nothing to ensure that the children's right to visitation with petitioner would not be thwarted. *See Christina L.*, 194 W. Va. at 455 n.9, 460 S.E.2d at 701 n.9 ("Such post-termination visitation or other continued contact where determined to be in the best interest of the child could be ordered not as a right of the parent, but rather as a right of the child."). Accordingly, we must remand this matter for the circuit court to enter a new dispositional order granting petitioner's motion to modify disposition that specifically addresses the children's right to meaningful visitation with petitioner.

For the foregoing reasons, we vacate the circuit court's July 22, 2022, dispositional order and remand this matter to the circuit court for further proceedings, including but not limited to the entry of an order setting out with specificity the children's right to meaningful visitation with petitioner and how the children's right to visitation will be ensured. The new order shall be consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

                                                Vacated and Remanded, with directions.

**ISSUED**: June 13, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead
Justice William R. Wooton

Armstead, Justice and Wooton, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.